UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

TONYA SKELTON AND

SLADE MATURIN

JUDGE:

VERSUS

CIVIL ACTION #:

IBERIA PARISH SCHOOL BOARD,
SUPERINTENDENT DALE
HENDERSON, PRINCIPAL CURT LANDRY,
AND ASSISTANT PRINCIPAL
JAMES PICHELOUP

MAGISTRATE:

## COMPLAINT

The complaint of **TONYA SKELTON**, a person of the full age of majority and a domiciliary of Iberia Parish, Louisiana, and **SLADE MATURIN** a person of the full age of majority and a domiciliary of Iberia Parish, Louisiana, with respect represents:

1.

Made defendants to this lawsuit are **IBERIA PARISH SCHOOL BOARD,** a body politic organized and operating under the laws of the State of Louisiana, **SUPERINTENDENT DALE HENDERSON,** a person of the full age of majority and a domiciliary of Iberia Parish, Louisiana, **PRINCIPAL CURT LANDRY AND ASSISTANT PRINCIPAL JAMES PICHELOUP,** who are all over the age of majority and believed to be domiciliaries of Iberia Parish, Louisiana; which defendants are individually, jointly and solidarily liable unto petitioners for the full amount of their

damages together with legal interest from the date of judicial demand until paid and for all costs of these proceedings for the following reasons:

2.

This action is brought pursuant to 42 U.S.C. SS 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.

Jurisdiction of this Court is founded upon 28 U.S.C. SS 1331 and 1343 (a) (3).

4.

Plaintiffs further invoke the pendant jurisdiction of this Court to consider related state claims arising under state statutory and common law and the Constitution of the State of Louisiana.

5.

At all times relevant to this lawsuit, the **IBERIA PARISH SCHOOL BOARD** operated a school system in Iberia Parish as required and authorized by Louisiana law and was the employer of each of the other defendants of this suit.

6.

At all times relevant to this lawsuit each of the individual defendants to this lawsuit were acting in the course and scope of their employment making the **IBERIA PARISH SCHOOL BOARD** vicariously liable for their actions and therefore individually, jointly and solidarily liable for all of the damages plaintiffs have sustained as a result of these individuals' actions and inactions.

7.

On March 3, 2015, plaintiff, **TONYA SKELTON** got a call from defendant, **ASSISTANT PRINCIPAL JAMES PICHELOUP** that her son, **SLADE MATURIN,** who was a student at New Iberia Senior High was involved in an incident at school in which her son had hit Assistant Principal Robert Schlicher.

8.

Plaintiff, **TONYA SKELTON** immediately went to school and learned that her son had sat for approximately (2) two hours in the principal's office and that the incident was caught on video showing her son hitting the assistant principal.

9.

**ASSISTANT PRINCIPAL JAMES PICHELOUP** informed plaintiff she would be able to view the video which she was never allowed to see at that time.

10.

Plaintiff's son informed her that he never hit any teacher or assistant principal.

11.

Without being shown the video which defendant, **ASSISTANT PRINCIPAL JAMES PICHELOUP** claimed to be proof of her son hitting the assistant principal, she sat and watched her son being walked through the school in handcuffs by Iberia Parish Sheriff deputes in full view of fellow students.

12.

Plaintiff's son was taken from school at approximately 12:45 p.m. and taken to jail where he was placed in a cell with an adult who was accused of murder and where he remained until it was almost dark.

13.

Fellow students watched plaintiff's son being humiliated by the arrest for something he did not do and being placed in a patrol car and taken to jail in handcuffs.

14.

On March 4, 2015, the day after the incident plaintiff, **TONYA SKELTON** went to school at approximately 11:30 a.m. and met with school employee and **PRINCIPAL CURT LANDRY** who informed plaintiff he had seen the video and that you could clearly see that her son punched Assistant Principal Robert Schlicher in the back of the head.

15.

**PRINCIPAL CURT LANDRY** also told plaintiff that he and someone from the school

board had reviewed the video and it clearly showed her son punching Assistant Principal Robert Schlicher in the back of the head.  Plaintiff, her husband and her mother were at that meeting when **PRINCIPAL CURT LANDRY** told them this.

16.

A school expulsion hearing was set for the 10th of March, 2015, to determine if plaintiff's son was to be expelled from school or what other disciplinary action was to be taken against him.

17.

Prior to that date on March 9, 2015, plaintiff was called by a school official and informed she and her husband would be able to view the video before the hearing on the next morning March 10, 2015, (5) five days after the incident.

18.

On March 10, 2015, defendant, **PRINCIPAL CURT LANDRY** showed plaintiff and her husband the video and it clearly proved that plaintiff's son did not hit Assistant Principal Robert Schlicher.

19.

School official Joel McFarland was the hearing officer for the expulsion hearing and when plaintiff told him about the video he admitted he hadn't seen it so he recessed the hearing until March 11, 2015.

20.

The next day McFarland told plaintiff he viewed the video and could not see anyone hitting Assistant Principal Robert Schlicher so he ruled that plaintiff's son could return to school, but placed him on probation.

21.

After Plaintiff's son was arrested, his picture appeared on the local Television with a news article about his arrest and a local newspaper also carried the story and displayed a picture of him causing fellow students to telephone him and his mother.

22.

The **IBERIA PARISH SCHOOL BOARD** caused Plaintiff's son to not only be arrested

but to be charged by the 16th Judicial District Court, District Attorney's office with committing a battery upon a teacher and disturbing the peace.

23.

Defendants' actions in seeking criminal prosecution of Plaintiff's son when he was innocent of having hit the Assistant Principal not only added to her son's humiliation and embarrassment but also caused him unnecessary fear of imprisonment and having a criminal record.

24.

Even after Plaintiff's son was cleared of the charges of hitting a teacher and even after Plaintiff's attorney sent defendant, **SUPERINTENDENT DALE HENDERSON** a letter demanding that he contact the District Attorney to dismiss the charges against her son, he refused to do so and continued the prosecution until Plaintiff's attorney appeared in Court on a Court date for her son and got the District Attorney's office to dismiss the charges.

25.

The actions complained of herein were intentional violations of **SLADE MATURIN'S** constitutional rights as well as gross negligence which included:

1. Violations of **SLADE MATURIN'S** Fourth and Fourteenth Amendment rights to be free from unlawful search and seizure and right of due process of the law.
2. Malicious prosecution.
3. Defamation.

26.

As a result of defendants' combined actions, **SLADE MATURIN** suffered the following damages:

1. Loss of freedom;
2. Humiliation and embarrassment;
3. Fear of imprisonment and having a criminal record;
4. Fear of expulsion from school;
5. Loss of classroom time;

  6. Loss of reputation with schoolmates and the public.

27.

As a result of defendants' combined actions, Plaintiff, **TONYA SKELTON** suffered the following damages:

  1. Mental anguish;

  2. Fear that her son would be imprisoned and have a record.

  3. Humiliation over the news broadcasts of her son's arrest and imprisonment.

  4. Attorney's fees.

  5. Loss of consortium.

28.

The conduct of the defendants and its employees was deliberate and rose to the level of callous indifference and was the proximate cause of the violation of Plaintiffs' federally protected rights entitling them to an award of exemplary damages against the defendants in an amount to punish the defendants for their actions and to deter the defendants from engaging in such conduct in the future.

29.

Because of the denial of their basic civil rights, Plaintiffs are compelled to retain an attorney to prosecute this action and to insure that the aforesaid conduct of the defendants does not continue. Plaintiffs are, at the discretion of this Court, entitled to reasonable attorney's fees from the defendants in the amount of not less than $50,000.00.

30.

Plaintiffs further demand a trial by a jury on all issues involved herein that are triable by a jury.

31.

The actions complained of herein amount to outrageous conduct and arbitrary abusive governmental power.

WHEREFORE, premises considered, plaintiffs pray that the defendants be cited to appear and answer and that upon final hearing, Plaintiffs recover judgment jointly and severally against all defendants for all the damages to which they are entitled by law and set forth herein above, including exemplary damages, together with costs of court, interest as allowed by law, attorney's fees in the amount of not less than $50,000.00, and any and all further relief or equitable, to which Plaintiffs may be entitled.

Plaintiffs further pray for a trial by jury.


ANTHONY J. FONTANA, JR.
(A PROFESSIONAL LAW CORPORATION)

/s/ Anthony J. Fontana, Jr.
ANTHONY J. FONTANA, JR., (La. Bar No. 5643)
210 N. Washington
Abbeville, Louisiana 70510
Telephone: (337) 898-8332
Facsimile: (337) 893-4908
Email: office@tfontana.com


GABE A. DUHON, L.L.C.

/s/ Gabe A. Duhon
GABE A. DUHON, (La. Bar No. 30482)
105 Tivoli Street
Post Office Box 478
Abbeville, Louisiana 70511-0478
Telephone: (337) 893-3423
Facsimile: (337) 893-3510
Email: gaduhon@vermilionlawyers.com